**KOLLER LAW LLC**
David M. Koller, Esquire                                    *Attorney for Plaintiff*
ATTY ID No. 037082002
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **ALDER HAYWOOD** | : | |
| 16 Raritan Avenue | : | **Civil Action No.** |
| South Amboy, NJ 08879 | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| **SABERT CORPORATION,** | : | |
| 879-899 Main Street | : | **COMPLAINT AND JURY** |
| Sayreville, NJ 08872 | : | **DEMAND** |
| | : | |
| 2288 Main Street Extension | : | |
| Sayreville, NJ 08872 | : | |
| **Defendant.** | : | |
| | : | |

## CIVIL ACTION

Plaintiff Alder Haywood, by and through his attorney, bring this civil matter against Defendant Sabert Corporation alleging he was subject to unlawful violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the New Jersey Law Against Discrimination ("NJLAD"), and avers and alleges as follows:

## **THE PARTIES**

1. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

1

2. Plaintiff is an African-American male.

3. Plaintiff resides at the above captioned address.

4. Defendant Sabert Corporation (hereinafter "Defendant") is a manufacturer of food packaging and is headquartered at 2288 Main Street Extension, Sayreville, NJ 08872.

5. Plaintiff was employed by Defendant at the above captioned address from April 27, 2014, until his termination on March 9, 2016.

6. At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted within the scope of his or her job responsibilities.

## JURISDICTION AND VENUE

7. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.

8. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

9. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

10. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

2

11. Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.

13. Plaintiff exhausted his administrative remedies under Title VII. Butterbaugh v. Chertoff, 479 F. Supp. 2d 485 (W.D. Pa. 2007).

14. On February 26, 2016, Plaintiff filed a timely written Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination and retaliation against Defendant.

15. The Charge was assigned a Charge Number of 846-2016-04392 and was duly filed with the New Jersey Division on Civil Rights ("NJDCR").

16. Plaintiff received a Notice of Right to Sue relative to the Charge, by mail, that was dated November 3, 2016. A true and correct copy of this Charge is attached and incorporated herein as Exhibit "A".

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of the Notice of Right to Sue letter relative the Charge.

18. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

## FACTUAL SUMMARY

19. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

## PLAINTIFF'S EMPLOYMENT HISTORY

20. On April 27, 2014, Defendant hired Plaintiff as a Packer I.

21. Plaintiff was well qualified for this position and performed well.

22. On July 27, 2014, Defendant promoted Plaintiff to the position of Material Handler.

23. Plaintiff was well qualified for this position and performed well.

## PLAINTIFF'S DENIAL OF OVERTIME

24. Since becoming a Material Handler, Plaintiff had not received overtime on the same basis or in the same amount as his comparators/colleagues who were Hispanic.

25. In August 2014, Plaintiff asked for more overtime from Ron LNU (Caucasian), General Manager.

26. Ron responded with "My wife is Colombian," to Plaintiff's request to work overtime.

27. The seven (7) Material Handlers who received the most overtime were all Hispanic.

28. Plaintiff made additional requests for overtime to Ron but, was denied each request.

## PLAINTIFF WAS REFERRED TO AS "CHOCOLATÉ"

29. At the start of Plaintiff's employment, Omar Quintero (Hispanic), Material Handler, referred to Plaintiff as "chocolaté."

30. This nickname was in reference to Plaintiff's skin color.

31. Plaintiff requested Mr. Quintero to stop referring to him as this racially inappropriate and discriminatory name.

32. However, Mr. Quintero did not cease calling Plaintiff "chocolaté."

33. In fact, Mr. Quintero called Plaintiff "chocolate" so frequently, that other Hispanic coworkers referred to Plaintiff as "chocolaté" as well.

34. In the summer of 2015, Plaintiff complained to Diana G. (Hispanic), Human Resource

4

Representative, about Mr. Quintero and other Hispanic coworkers calling him "chocolaté."

35. Diana responded by asking Plaintiff, "Chocolaté? Do you know what this is? Are you ok with this?"

36. Plaintiff informed Diana that he was not comfortable being called "chocolaté."

37. Upon information and belief, Diana took no action to address the situation.

38. Plaintiff complained to Diana in the summer of 2015 again about Mr. Quintero and other Hispanic coworkers calling him "chocolaté."

39. Upon information and belief, Diana did not conduct an investigation.

40. Upon information and belief, Diana did not discipline Mr. Quintero or the other Hispanic coworkers that engaged in this practice.

41. In the fall of 2015, Plaintiff complained to his former supervisor, Chris LNU (Hispanic), about being called "chocolaté."

42. Upon information and belief, Chris took no action to address the situation.

## PLAINTIFF WAS NOT GIVEN RETROACTIVE PAY

43. When Plaintiff was promoted to Material Handler, he was entitled to a $2 per hour pay rate increase.

44. Plaintiff did not receive this increase in his pay rate until approximately three (3) months after his promotion to the Material Handler position.

45. In May 2015, Plaintiff complained to Heather Daly (Caucasian), Human Resource Manager, about not receiving his retroactive pay.

46. Ms. Daly informed Plaintiff that she would look into the matter.

47. However, Ms. Daly did not call Plaintiff back or resolve the issue.

48. In or around the very beginning of March 2016, Plaintiff complained to Ron about not

5

receiving his retroactive pay.

49. Ron informed Plaintiff that he would "take care of it."

50. On March 8, 2016, Plaintiff still had not received his retroactive pay.

51. He again complained to Ron of the nearly three (3) months of compensation that he was
owed.

52. Instead, Ron asked Plaintiff "Can I make a deal with you?" and offered Plaintiff $400.

53. Plaintiff rejected this offer.

54. On the same day March 8, 2016, Plaintiff constructively terminated his employment because
he was not paid what he was promised and he was subjected to disparate treatment and a
hostile work environment which went unaddressed despite numerous complaints.

## COUNT I - RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

55. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if
the same were set forth more fully at length herein.

56. Plaintiff is a member of protected classes in that he is African-American.

57. Plaintiff was qualified to perform the job for which he was hired.

58. Plaintiff suffered adverse job actions, including, but not limited to termination.

59. Similarly situated people outside of Plaintiff's protected class were treated more favorably
than Plaintiff.

60. Circumstances exist related to the above cited adverse employment actions that give rise to
an inference of discrimination.

61. Defendant discriminated against Plaintiff on the basis of race.

62. No legitimate, non-discriminatory reasons exist for the above cited adverse employment

6

actions that Plaintiff suffered.

63. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II – RACE DISCRIMINATION
## THE NEW JERSEY LAW AGAINST DISCRIMINATION

64. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

65. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of his race (African-American).

66. As a result of Defendants' unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT III – RACE DISCRIMINATION – HOSTILE WORK ENVIRONMENT
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

67. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

68. The foregoing conduct created a racially hostile work environment for Plaintiff.

69. Plaintiff suffered intentional discrimination because of his race.

70. Defendant subjected Plaintiff to unwelcome conduct of race discrimination that was severe and pervasive.

71. The discrimination detrimentally affected Plaintiff.

7

72. Plaintiff suffered tangible employment actions as alleged herein.

73. The discrimination would detrimentally affect a reasonable person in Plaintiff's position.

74. The Defendant knew or reasonably should have known of the race discrimination.

75. The Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior of Mr. Quintero and others.

76. As a result of Defendants' conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

77. The Defendant is not entitled to an affirmative defense.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT IV – RACE DISCRIMINATION – HOSTILE WORK ENVIRONMENT
### NEW JERSEY LAW AGAINST DISCRIMINATION

78. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

79. The foregoing conduct created a racially hostile work environment for Plaintiff.

80. Plaintiff suffered intentional discrimination because of his race.

81. Defendant subjected Plaintiff to unwelcome conduct of race discrimination that was severe and pervasive.

82. The discrimination detrimentally affected Plaintiff.

83. Plaintiff suffered tangible employment actions as alleged herein.

84. The discrimination would detrimentally affect a reasonable person in Plaintiff's position.

85. The Defendant knew or reasonably should have known of the race discrimination.

86. The Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior of Mr. Quintero and others.

87. As a result of Defendants' conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

88. The Defendant is not entitled to an affirmative defense.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT V – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

89. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

90. Plaintiff engaged in activity protected by Title VII.

91. Plaintiff complained of discrimination internally by reporting the same to Human Resources and his supervisor.

92. Thereafter, Defendant took adverse employment action against Plaintiff, including, but not limited to, refusing to give him overtime and his retroactive pay.

93. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VI – RETALIATION
## NEW JERSEY LAW AGAINST DISCRIMINATION

94. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

9

95. Plaintiff engaged in activity protected by the NJLAD when he complained of discrimination internally by reporting the same to Human Resources and his supervisor.

96. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, refusing to give him overtime and his retroactive pay.

97. There exists a causal connection between Plaintiff's participation on the protected activity and the adverse employment actions.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Alder Haywood, requests that the Court grant him the following relief against Defendant:

(a)   Damages for past and future monetary losses as a result of Defendant unlawful discrimination;

(b)   Compensatory damages;

(c)   Punitive damages;

(d)   Liquidated damages;

(e)   Emotional pain and suffering;

(f)   Reasonable attorneys' fees;

(g)   Recoverable costs;

(h)   Pre and post judgment interest;

(i)   An allowance to compensate for negative tax consequences;

(j)   A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of TITLE VII and the

NJLAD.

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for his adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

**KOLLER LAW LLC**

Date: February 6, 2017

By: _____
David M. Koller, Esquire – 90119
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215)-545-8917
F: (215)-575-0826

*Counsel for Plaintiff*

11